**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE SOUTHERN DIVISION**

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **Kimberly Brown Eady** ) | Case No.: 13-13813 |
| ) | |
| ) | Chapter 13 |
| **Debtor(s)** ) | |

**CHAPTER 13 PLAN**

**1. PAYMENTS AND TERM.**
The debtor will pay the chapter 13 trustee **$400.00 EVERY TWO WEEKS BY WAGE ORDER** the following additional monies: N/A_____.

**2. PRIORITY CLAIMS (including administrative expenses).**
(a) All administrative expenses under 11 U.S.C. §§ 503(b) & 1326 will be paid in full, including fees to the debtor's attorney in the amount of $3,000.00 less $0.00  previously paid by the debtor.
(b) Except as provided in paragraph 6 below, claims entitled to priority under 11 U.S.C. § 507 will be paid in full in deferred cash payments, with tax claims paid as priority, secured, or unsecured in accordance with the filed claim.
(c) All allowed priority claims shall accrue no interest after the filing date of this petition. In the event any of these claims are not discharged upon the completion of this plan, the balance due upon completion shall be the unpaid balance with no accrued interest. Interest will only begin accruing on the unpaid balance (if any) after the completion of the plan. If the claim is paid in full in the plan the debt shall be deemed satisfied in full upon completion of the plan.

**3. SECURED CLAIMS.**
**(a)** *Cramdowns.* The holders of the following allowed secured claims retain the liens securing such claims until the earlier the two events set forth in 11 U.S.C. §1325 (a)(5)(B)(i)(I) and will be paid by the trustee the value of the security in the manner specified below. The portion of any allowed claim that exceeds the value indicated will be treated as an unsecured claim under paragraph 4(a) below. The failure of a secured creditor listed below to timely object to the proposed treatment for its secured claim and its unsecured claim shall be deemed an acceptance of the terms of the plan as provided for in 11 U.S.C. Section 1325(a)(5).

| *Creditor* | *Collateral* | *Value* | *Monthly Payment* | *Interest Rate* |
|---|---|---|---|---|
| **Capital One** | **2005 Chevrolet Corvette** | **Amount of claim** | **$125.00** | **4%** |
| **Capital One/HSBC/Best Buy** | **TV, Camera & Computer** | **$200.00** | **$15.00** | **4%** |

**(b)** *SURRENDER*. The debtor(s) shall surrender the following collateral:
*Creditor*                                                                                           *Collateral to Be Surrendered*
**BAC Home Loans – 1st Mortgage – 7712 Camelot Lane Chattanooga, TN -  Collateral to be surrendered in full satisfaction of her obligation on the debt.**

**Bank of America – 2009 RV Camper - Collateral to be surrendered in full satisfaction of the debt.**


 **(c)** *LONG-TERM MORTGAGES MOBILE HOMES AND MOTOR VEHICLES.* (Including mortgages, doublewide mobile homes, singlewide mobile homes, and modular homes) The holders of the following mortgage claims and nonmortgage claims will retain their liens and will be paid monthly maintenance payments which will extend beyond the life of the plan. Any arrearage amount set forth below is an estimate; arrearage claims will be paid in full in the amount of the filed claim , absent an objection. The amount of any maintenance payment to be paid pursuant to 11 U.S.C. § 1322(b)(5), is fixed herein for the term of the plan (subject to adjustment for escrows) and is binding upon all parties. Increases in the monthly maintenance payments during the life of the plan will be paid by the indicated payer. The secured creditor must advise of the need for monthly change promptly. The creditor requesting an increase in monthly maintenance payment shall not include any amounts that should be part of an arrearage claim as part of the proposed maintenance payment. Pursuant to 11 U.S.C. §1322(b)(3), and (10) all maintenance payments shall be deemed current upon conclusion of the case or discharge, and all post-petition defaults are waived. No late charges shall accrue on any secured claim which is maintained in the plan or during the case pursuant to §1322 (b)(5).   Pursuant to 11 U.S.C. §1322(b)(3) any secured creditor that fails to file a claim waives any default or charges resulting from non-payment.

| Creditor | Estimated Arrearage | Arrearage Interest Rate | Arrearage Monthly Payment | Maintenance payment | Payment By: (Inside the plan or outside the plan) |
|---|---|---|---|---|---|
| | | | | | |

**(d) DE NOVO REVIEW.** Notwithstanding any provision of this plan, the secured status and classification of any purported secured claim are subject to *de novo* review on the request of any party in interest made within 90 days following the filing of the claim or the expiration of the deadline for filing proofs of claim, whichever comes later.

**4. UNSECURED CLAIMS.**
(a) *Nonpriority*. Except as provided in subparagraph (b) and in paragraph 6 below, allowed nonpriority unsecured claims will be paid:

__X__ (1)   In Full
_____ (2)   _____ percentage  - minimum of 36 months
_____ (3)   _____ unsecured claims - minimum of 36 months
_____ (4)   _____ Remainder to unsecured claims
_____ (5)   _____ Other

(b) Post petition. Claims allowed under 11 U.S.C. § 1305 will be paid pro rata after the unsecured nonpriority claims in paragraph 4(a).
 (c) All allowed nonpriority unsecured claims shall accrue no interest after the filing date of this petition.  In the event any of these claims are not discharged upon the completion of this plan, the balance due upon completion shall be the unpaid balance with no accrued interest.  Interest will only begin accruing on the unpaid balance (if any) after the completion of the plan.  If the claim is paid in full in the plan the debt shall be deemed satisfied in full upon completion of the plan.

**5. EXECUTORY AND UNEXPIRED LEASES.** Except the following which are assumed, all executory contracts and unexpired lease are rejected, with any claim arising from the rejection to be paid as unsecured as provided in paragraph 4(a) above.

*Other party to contract                              property description                             Inside the plan*

**6. SPECIAL PROVISIONS**. (such as cosigned debts, secured tax claims, debts paid by third party, student  loans, special priority debts and treatment of non bankruptcy secured debt as unsecured in the plan, child support claims).

MARK T. YOUNG & ASSOCIATES

Date:   7/30/13             /s/ Kimberly Brown Eady              /s/Mark T. Young
                                         Debtor                                         By: Mark T. Young BPR5303
                                                                                                Attorney for the Debtor(s)
Date:                                                                                     P.O. Box 909
                                                                                                Hixson, TN  37343
                                         Joint Debtor                                Phone: (423)870-5225
                                                                                                Fax: (423)877-0363